## DUNNING v. RUMBAUGH.

1. **Pleading:** EXHIBITS.  In an action instituted on a promissory note written on the back of an agreement, it is not necessary that the *agreement* should be made an exhibit to the petition.

2. —— PROOF MUST FOLLOW ALLEGATIONS.  Under an answer which tenders no material issue but the denial of the execution of the note on which suit is brought, the defendant will be confined in his proof to the issue thus made.

*Appeal from Page Circuit Court.*

THURSDAY, JUNE 12.

THE plaintiff claims of defendant $336.75, with interest at ten per cent from April 3, 1869, upon a promissory note executed in settlement for corn agreed to be delivered to plaintiff by defendant.

Defendant denies that he contracted with plaintiff for the delivery of corn, and denies the execution of the note sued on.

Upon the trial the plaintiff introduced a paper bearing upon its face a written contract, as follows, to-wit: "Articles of agreement made and concluded by and between Frank Dunning, of Ringgold county, Iowa, and G. H. Rumbaugh & Co., of Hawleyville, Page county, Iowa, the conditions of which are as follows:

"The said Rumbaugh & Co. agree to deliver to Hawleyville, Iowa, 5,000 bushels of corn at 30 cents per bushel. And we also agree to give said Dunning all corn that we may purchase, above the contract, at the price we pay, and on the same terms. The said Dunning agrees to pay the above sum of 30 cents per bushel, paying for the same $1,000 down, the receipt whereof is hereby acknowledged, and the balance when the contract is filled, by the delivery of the corn. Said corn to be delivered as fast as may be used by 150 head of cattle. Witness our hands this 20th day of October, 1868.

                              "FRANK DUNNING,
                              "G. H. RUMBAUGH & Co."

Upon the back of this agreement was the following:

"$336.75. Due Frank Dunning, on the within contract, three hundred thirty-six dollars and seventy-five one hundredth dollars, to be paid in ninety days from date. Hawleyville, Iowa, April 23d, 1869, with interest at ten (10) per cent per annum.

"G. H. RUMBAUGH."

When this paper was offered in evidence the defendant objected upon the ground that it was irrelevant and immaterial, and was not the instrument sued on, and because no copy was attached to the petition. Thereupon, plaintiff stated that he offered in evidence only that side of the paper which contained the note, a copy of which is set out in the petition. The objection was overruled, and defendant excepted.

Thereupon, the defendant testified, in his own behalf, that he was a member of the firm of Rumbaugh & Co.; that the firm contracted with Dunning, as set out in the contract above contained, and that defendant had an accounting with plaintiff on the date mentioned on the back of the contract, and the amount therein named was found due him.

His counsel then asked the following questions:

"Was it an individual or a firm indebtedness?" "What arrangement or agreement, if any, was made, either then or subsequently, between either yourself and Dunning, or the firm and Dunning, that you should pay this indebtedness?"

These questions were objected to as irrelevant and incompetent, and both were rejected, to which rulings defendant excepted.

Defendant now assigns these several rulings as error.

*Morledge & McPherrin* for the appellant.

*Moore & Morseman* for the appellee.

DAY, J. — The rulings of the court complained of are clearly correct. The plaintiff sued upon a promissory note exe-

cuted by defendant, and attached a copy thereof to the petition. It was no less the note sued on because it was written upon the back of an agreement. This agreement constituted no part of the note, and there was no necessity for making it an exhibit to the petition, for the action was not founded upon it. The evidence rejected was, under the issue, immaterial. The only material defense set up by defendant is a denial that he executed the note. Proof that the note was executed for a firm debt, and that any arrangement was or was not made that defendant should pay it, would have no tendency to prove that he did not execute the note. And proof that he did not execute the note is the only proof that will avail under the defense interposed.

Affirmed.